IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONALD HURD,

    Plaintiff,

v.	Civ. No. 20-262 JAP/GBW

NOVARTIS PHARMACEUTICALS
CORPORATION,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO STAY AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AS MOOT

THIS MATTER comes before the Court on Plaintiff's Motions to Stay (*doc. 42*) and for Protective Order Against Defendant Novartis Pharmaceuticals Corporation's Notice of Deposition of Dr. Amanda Ryan (*doc. 45*). Having reviewed the motions and their attendant briefing (*docs. 43, 44, 46, 47, 48*) and being fully advised in the premises, the Court GRANTS Plaintiff's Motion to Stay and DENIES Plaintiff's Motion for Protective Order as MOOT.

    **I.    BACKGROUND**

This is a products liability case arising from Defendant's alleged failure to warn of dangerous and known risks associated with Tasigna, a chronic myeloid leukemia medication manufactured by Defendant. *See generally doc. 1*. In addition to this case, there are eighteen other Tasigna products liability cases pending in twelve federal

district courts as well as over 160 cases that have been consolidated before a single New Jersey state court per the state's multi-county litigation rules.  *Doc. 43-1* at ¶ 3; *doc. 44* at 3.  On April 14, 2021, a plaintiff in a different federal Tasigna case filed a motion with the Judicial Panel for Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 to transfer the federal Tasigna cases to the Southern District of Illinois for multidistrict litigation consolidation.  *Doc. 43-2*; *doc. 44* at 3.  Briefing for this motion is complete and hearing on it has been set for July 29, 2021.  *Doc. 43-1* at ¶ 4; *doc. 44* at 3.

On June 24, 2021, Plaintiff moved to stay discovery and other proceedings pending the JPML's ruling on the motion to consolidate and transfer.  *Doc. 42*.  On July 6, 2021, Defendant filed its response in opposition.  *Doc. 44*.  Three days, Plaintiff filed his reply, completing briefing on this motion.  *Doc. 48*.

A few days before Plaintiff moved to stay proceedings, Defendant unilaterally noticed the deposition of Plaintiff's treating cardiologist for July 14, 2021.  *Doc. 46* at 5; *doc. 46-6*.  On July 7, 2021, Plaintiff moved for a protective order against this deposition, *doc. 45*, claiming prejudice arising from proceeding with the deposition before disputes about Defendant's document production are resolved and reasserting its argument that the case should be stayed for the pendency of JPML's adjudication of the motion to consolidate and transfer,  *id.* at ¶ 2; *doc. 46* at 8–11.  Two days later, Defendant filed its response.  *Doc. 47*.

2

## II.   LEGAL STANDARD

"The pendency of a motion … before the [JPML] pursuant to 28 U.S.C. § 1407 does not affect or suspend … pretrial proceedings in any federal district court action." *Mims v. Davol, Inc.*, No. 16-CV-136 MCA/GBW, 2018 WL 3025059, at *2 (D.N.M. June 18, 2018) (unpublished) (quoting U.S. Judicial Panel on Multidistrict Litigation Rule of Procedure 2.1(d)).  Nonetheless, the Court has the discretion to stay proceedings for the pendency of this motion.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  To determine whether a stay is appropriate, this Court considers three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."  *Mims*, 2018 WL 3025059, at *2 (quoting *Pace v. Merck & Co.*, No. CIV 04-1356 MCA/ACT, 2005 WL 6125457, at *1 (D.N.M. Jan. 10, 2005) (unpublished)); *New Mexico v. Volkswagen Grp. of Am., Inc.*, 1:16-cv-00147-MCA-LF, 2016 WL 4072342, at *2 (D.N.M. Apr. 27, 2016) (unpublished) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)); *Torres v. Johnson & Johnson*, Civ. No. 14-743 KG/RHS, 2014 6910478, at *2 (D.N.M. Sept. 16, 2014) (unpublished) (quoting *Pace*, 2005 WL 6125457, at *1).

**III.     ANALYSIS**

The balance of these factors supports a stay. Staying proceedings advances judicial economy, protects all parties from the possibility of inconsistent ruling on discovery disputes, and does not meaningfully prejudice the Defendant.

Staying the case for sixty days to afford the JPML a reasonable opportunity to rule on the pending motion to consolidate and transfer exposes Defendant to minimal prejudice.  Defendant claims that "[h]alting all discovery and progress in this case threatens [its] ability to prepare and present its defenses in line with the deadlines outlined in the Scheduling Order…." since it "must take the depositions of plaintiff and his physicians in advance of the expert disclosure deadline so that is experts can properly consider their treatment of plaintiff in developing their expert opinions" and "[t]he effect of the stay in this case would be to prevent [it] from deposing any physicians … up through the … current expert disclosure deadline." *Doc. 44* at 6–7. The Court notes that, to the extent that granting this stay significantly impacts deadlines it has earlier set, it will need to modify those deadlines should the JPML motion be denied.  Such modification will prevent any prejudice due to those deadlines.  Beyond that, Defendant does not direct the Court to any presently available discovery that will become unavailable if discovery is paused for sixty days.  Any potential prejudice to Defendant is also minimized because the stay will not be indefinite but will be limited to sixty days.  *Cf. Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 528 (E.D. Va. 2018)

4

(denying a stay due to concern about its indeterminate length); *Bertram v. Fed. Express Corp.*, No. 05-28-C, 2006 WL 3388473, at *3 (W.D. Ky. Nov. 20, 2006) (unpublished) (same).  If the JPML does not rule on the pending motion to consolidate and transfer before this stay expires, Plaintiff will bear the burden of showing that any extension of the stay is warranted.

By contrast, denying the temporary stay needlessly exposes both parties to potential prejudice through inconsistent rulings on discovery disputes.  Moreover, staying the case advances judicial economy by avoiding potentially duplicative litigation.  Defendant has an ongoing discovery dispute with Plaintiff and the other federal plaintiffs about the production of documents that will likely result in plaintiffs filing motions to compel.  *See doc. 43* at 3–4.  Indeed, this dispute has already led to the pending motion for a protective order.  *See doc. 45*.  If the JPML consolidates and transfers the nineteen federal cases, at minimum, nineteen motions before nineteen courts will be reduced to one motion before a single court.  There is no guarantee that the JPML will consolidate and transfer the nineteen federal Tasigna cases, but it has done so for smaller sets of cases.  *See, e.g., In re Hyundai & Kia Fuel Econ. Litig.*, 923 F. Supp. 2d 1364, 1366 (J.P.M.L. 2013) (transferring and consolidating twelve cases); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 572 F. Supp. 2d 1380, 1381 (J.P.M.L. 2008) (transferring and consolidating three cases and six potential tag-alongs).  Given the potential judicial resources saved from transferring and consolidating the federal

Tasigna cases, the JPML should be afforded a reasonable opportunity to do so before this Court wades into the parties' discovery disputes.

## IV. CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion for Stay and DENIES Plaintiff's Motion for Protective Order as MOOT. IT IS HEREBY ORDERED that the case is STAYED for sixty (60) days through **September 20, 2021**, and that the status conference set for **July 12, 2021**, at 2:00 p.m. is VACATED.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE